**In re VAN WATERS & ROGERS,
INC., et al.**

No. 13–99–646–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 26, 2000.

Adrian Rafael Martinez, Houston, for Copolyer Rubber & Chemical.

Ben L. Reynolds, Bradley A. Jackson, Royston, Rayzor, Vickery & Williams, Houston, for C.P. Hall Company.

David G. Oliveira, Roerig, Oliveira & Fisher, Brownsville, for R.T. Vandervilt Co.

Joseph A. Garnett, McFall & Sartwelle, Houston, for Akrochem Corp.

Robert E. Morse, III, Crain, Caton & James, Houston, for Schenectady International.

Robert G. Newman, Fulbright & Jaworski, Houston, Lisa Horvath Shub, San Antonio, Marcy Hogan Greer, Fulbright & Jaworski, Austin, W. Wendell Hall, Fulbright & Jaworski, San Antonio, for Van Waters.

William A. Abernethy, M.W. Meredith, Jr., Meredith, Donnell & Abernethy, Corpus Christi, for Copolymer Rubber & Chemical.

Andrew C. Schirrmeister, III, Schirrmeister Ajamie, L.L.P., Houston, for E.I. Dupont De Nemours & Co.

Lansford O. Ireson, Margot A. Merek, Ireson & Weizel, Houston, for Akzo Chemie America and Akzo.

Joyce B. Margarce, Baker & Hostetler, LLP, Houston, for Bayer Corp. and Rhein Chemie.

Norton A. Colvin, Jr., Eduardo R. Rodriguez, Rodriguez, Colvin & Chaney, Brownsville, for E.I. Dupont De Nemours.

Vic Fields, Vic Fields & Assoc., Austin, for Zeon Chemical.

Cindy A. Garcia, Garcia & Romero, L.L.P., Harlingen, for Sartomer Co., Inc.

G. Don Schauer, Schauer, Simank & Ledbetter, Corpus Christi, for Kenrich Petrochemical Inc.

Robert Philip Scott, Valerie Ruth Vance, Houston, for Shell Oil.

Ezequiel Tovar, Hector E. Garcia, McAllen, Keith C. Livesay, Livesay & Cowen, Pharr, E. James Rausch, Rausch Law Office, Granbury, David Calvillo, Francisco J. Rodriguez, Rodriguez, Pruneda, Tovar, Enriquez & Calvillo, McAllen, Karen Kay Maston, Baker & Botts, Houston, Arnulfo Medina Acosta, Law Offices of Arnulfo Acosta, PC, Pharr, James Larry Moore, Baker & Hosteteler, Houston, Karen Patterson Freeman, Arthur Ray Almquist, Houston, for Real Parties in Interest.

Before Justices DORSEY, CHAVEZ, and RODRIGUEZ.

## OPINION ON MOTION FOR REHEARING

NELDA V. RODRIGUEZ, Justice.

We grant in part plaintiffs'/real party in interests' motion for rehearing. We withdraw our opinion of July 13, 2000, and substitute this opinion in its place, requiring the trial court to determine the date by which plaintiffs must supplement interrogatory Number 3 propounded by Allied Chemical Corporation. In all other respects, the motion for rehearing is denied.

In this toxic tort suit involving over four hundred plaintiffs and more than fifty defendants, relators, who constitute more than twenty of the defendants, seek mandamus relief from several pretrial orders in which the 370th Judicial District Court of Hidalgo County, Texas: (1) allowed the plaintiffs to select twenty plaintiffs to appear first in trial, (2) abated discovery as to all plaintiffs except the initial twenty designated for trial, (3) allowed discovery as to an additional twenty-five plaintiffs, and (4) ostensibly refused to compel plaintiffs to supplement their answers to an interrogatory relating to causation of plaintiffs' injuries.[1] We deny the petition for writ of mandamus in part and conditionally grant the petition in part.

Over four hundred individuals who were employed at the Parker–Hannifin Corporation's processing plant in McAllen, Texas, brought suit in 1994 against numerous defendants alleging personal injuries from exposure to various chemicals manufactured, marketed, sold and/or distributed by the defendants. The plaintiffs claim to have suffered injuries from a combination of chemicals used to manufacture O–Rings at the plant.

As part of discovery, several defendants propounded interrogatories on all plaintiffs. Most plaintiffs answered the interrogatories, and, considering the answers inadequate, the defendants filed a motion to compel. The trial court granted the motion to compel on May 10, 1996 and ordered the plaintiffs to respond more fully to the discovery by July 1, 1996. Prior

---

1. The defendants also seek relief from the trial court's failure to rule on their motion for reconsideration filed in October of 1998. This complaint is moot, as the court overruled the motion on November 4, 1999. *See James v.* *City of Round Rock,* 630 S.W.2d 466, 468 (Tex.App.—Austin 1982, no writ) (a complaint becomes moot when it does not rest, or ceases to rest, on existing facts).

to this deadline, plaintiffs and defendants entered into a Rule 11 agreement that provided a schedule for all supplemental responses.

After supplementation by some plaintiffs, the defendants again filed a motion to compel on February 3, 1997, asserting the plaintiffs' responses were inadequate. Among the interrogatories at issue was Interrogatory 3 propounded by Allied Chemical Corporation relating to the medical conditions of plaintiffs and the names of the physicians who attributed their conditions to any of the defendants' products. The trial court held a hearing on the motion on July 27, 1997, but the hearing was adjourned without a ruling.

In October of 1997, the plaintiffs filed a motion to select trial plaintiffs, and the defendants objected to the motion on the basis that it was premature in light of plaintiffs' failure to respond to discovery requests and refusal to be present for depositions. Defendants also objected to the motion on the ground that the plaintiffs would control the selection process without objective standards from the court or input from the defendants.

On November 20, 1997, the court heard defendants' motion to compel along with the plaintiff's motion to select trial plaintiffs. The court granted the motion to select trial plaintiffs and signed an order on November 20, 1997, permitting selection of twenty plaintiffs who would go to trial before the remaining plaintiffs. The court abated discovery as to the remaining plaintiffs. However, the order permitted discovery from any plaintiff designated by the plaintiffs as a person with knowledge. It also permitted discovery of any plaintiff if the defendants could show a particularized need. However, the court refused to rule on the defendants' motion to compel or on the sufficiency of the plaintiffs' answers.

Subsequently, after the defendants sought discovery from third parties as to all plaintiffs, the plaintiffs moved for sanctions, to quash, and for a protective order on the ground that the discovery was sought in contravention of the trial court's order abating discovery as to all plaintiffs save the designated twenty trial plaintiffs. On December 23, 1997, the court signed an order denying the motion for sanctions but granting the motion to quash and protective order, stating, "As previously ordered by the Court on November 20, 1997, Defendants are ORDERED to cease all discovery from, regarding or pertaining to Plaintiffs, including deposition by written questions and by authorization forms from third parties, except as to the selected twenty Plaintiffs, pursuant to the terms of the Court's Order of November 20, 1997."

Defendants filed a petition for writ of mandamus in this Court, seeking relief from, *inter alia*, the aforementioned pretrial orders. We denied the petition. Defendants pursued mandamus relief with the Texas Supreme Court, which denied the petition on October 15, 1998 "without prejudice to [defendants] again requesting relief from the court of appeals and this Court after the trial court has had an opportunity to reconsider its rulings." *In re Van Waters & Rogers, Inc.*, 988 S.W.2d 740, 741 (Tex.1998). The supreme court directed the trial court to reconsider its rulings in light of its intervening decision in *In re Colonial Pipeline Co.*, 968 S.W.2d 938 (Tex.1998), in which it conditionally granted a writ of mandamus after a trial court abated discovery as to over three thousand plaintiffs in order to resolve the claims of ten designated trial plaintiffs.

On October 23, 1998, defendants filed a motion for the trial court to reconsider its previous rulings in light of the supreme court's opinion. The plaintiffs filed a motion to re-designate trial plaintiffs on April 12, 1999, asking the court to replace the twenty designated trial plaintiffs with twenty-five different plaintiffs.[2] The court

---

2. One plaintiff, Rosaura Rodriguez, was originally designated as one of the twenty trial plaintiffs, and was also named as one of the twenty-five redesignated trial plaintiffs. As

held a hearing on May 11, 1999 on the motion for reconsideration and the motion to redesignate trial plaintiffs. During the hearing, the court verbally ordered all of the plaintiffs to answer the interrogatory in accordance with the supreme court's opinion in *Able Supply*.[3] However, the court then informed the plaintiffs that they could provide the same answer that they had previously provided with an explanation as to why they could not be more specific. The court did not require the plaintiffs to do so by a specific date. The court did not rule on the plaintiff's request to re-designate trial plaintiffs, but ordered discovery permitted as to the twenty-five newly designated trial plaintiffs, in addition to the original twenty trial plaintiffs. Discovery continued abated as to the remaining plaintiffs. The court denied the motion for reconsideration in a written opinion on November 4, 1999, over one year after the defendants filed the motion.

In this proceeding, the defendants ask this Court to grant their petition for writ of mandamus and order the trial court to vacate the November 20, 1997 and December 23, 1997 orders concerning discovery and the designation of trial plaintiffs. In addition, the defendants ask this Court to order each plaintiff to respond adequately to Interrogatory Number 3 propounded by Allied Chemical Corporation, which relates to causation of plaintiffs' injuries, no less than ninety days after the date of this Court's order.

■■■ "Mandamus will lie only to correct a trial court's clear abuse of discretion when no adequate remedy by appeal exists." *In re Alford Chevrolet–Geo, et al.*, 997 S.W.2d 173, 176 (Tex.1999) (citation omitted). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or when it acts without reference to guiding rules and principles. *See Colonial Pipeline*, 968 S.W.2d at 941 (citation omitted). Relators contend the

court abused its discretion by abating discovery for all but forty-four plaintiffs.

Because the supreme court directed the trial court to reconsider its abatement order in light of *Colonial Pipeline Co.*, 968 S.W.2d 938 (Tex.1998), we will examine the trial court's orders looking to that opinion. In *Colonial Pipeline*, 3,275 plaintiffs sued the owners of four pipelines that ruptured and spilled various substances into flood waters along the San Jacinto River. *See id.* at 940. Each pipeline was owned by a different defendant and contained a different substance. *See id.* In response to discovery requests from the defendants, the plaintiffs failed to provide any information or documents. *See id.* at 940–41. Approximately two years after the litigation commenced, and without discovery responses from the plaintiffs, the trial court ordered that plaintiffs were not required to answer or supplement discovery previously propounded by the defendants. *See id.* The court ordered that the defendants could only conduct discovery on a group of ten initial trial plaintiffs. *See id.* at 941. Thus, the defendants were precluded from obtaining discovery from 3,265 plaintiffs. *See id.*

In an original mandamus proceeding, the supreme court found the trial court abused its discretion and conditionally granted the writ of mandamus. *See id.* at 940. The court noted that three and a half years had passed since the plaintiffs filed suit, and that years could pass before any discovery on the vast majority of plaintiffs would be available. *See id.* at 941. Such a delay in discovery could result in faded memories and lost or corrupted evidence. *See id.* More importantly, because the plaintiffs had not provided the defendants with the most basic medical information including descriptions of their alleged injuries, names of treating physicians, or the names of substances that caused the injuries, "each defendant [was] put in the position of preparing to defend itself against

such, the trial court abated to discovery as to all but forty-four plaintiffs

3. *Able Supply Co. v. Moye*, 898 S.W.2d 766, 768 (Tex.1995)

claims that [might] not involve the substance that was contained in its pipeline." *Id.* at 942.

█ In the present case, although the defendants have not had unfettered discovery, they have received some basic medical information from virtually all plaintiffs.[4] Prior to the abatement order, and in response to defendants' interrogatories, the plaintiffs provided a list of medical health providers whom they had visited. When asked to describe their medical conditions, the plaintiffs referred to their initial disclosures filed in federal court. These disclosures provide the defendants with the positions individual plaintiffs held at the plant, the duration of their employment, and general health problems that occurred while they were employed at the plant. Plaintiffs also attributed their medical conditions to a list of sixty-four chemicals used at the plant in their answers to interrogatories. The plaintiffs provided authorizations for the defendants to obtain, *inter alia*, medical records.[5] Finally, the plaintiffs supplied the defendants with expert reports.

█ In addition to the defendants' discovery of basic medical information as to virtually all plaintiffs prior to the abatement order, the trial court in this case, unlike the court in *Colonial Pipeline*, provided some avenues for the defendants to pursue additional discovery on non-trial plaintiffs after entry of the order. First, the court permitted defendants to depose any person plaintiffs listed as a person with knowledge of relevant facts in supplemental responses. Moreover, the defendants were allowed to depose any plaintiff not listed as a person with knowledge of relevant facts so long as they could show "a particularized need." [6] Thus, discovery of all plaintiffs, though limited, was not foreclosed.

We do not believe the supreme court in *Colonial Pipeline* intended to prohibit trial courts from selecting small groups of trial plaintiffs to serve as test cases while abating discovery as to the remaining plaintiffs in order to manage mass tort cases. Indeed, the supreme court has previously recognized the importance of allowing trial courts to manage their own dockets in such a manner. *See Polaris Inv. Management Corp. v. Abascal*, 892 S.W.2d 860, 861 (Tex.1995) (granting mandamus in such situations "would severely impair the ability of trial judges to manage their dockets, and would require this Court to micromanage trials"). On more than one occasion, the trial court in this case observed that it was necessary for purposes of time and space to allow an initial group of plaintiffs

---

4. We note that the record does not contain the response of every plaintiff to defendants' interrogatories. The record does, however, include the interrogatory responses of Elias Acevedo and Antonio Cordova; and the defendants characterize the plaintiffs' responses as "uniformly" inadequate. The defendants note that all plaintiffs identified the same chemicals in their supplemental interrogatory answers. Furthermore, the record does contain the initial disclosures of every plaintiff listing a description of each plaintiff's injuries.

5. We are cognizant of the language in *Able Supply* indicating that medical records are "not a substitute for discovery on the issue of causation." *Able Supply*, 898 S.W.2d at 770. In this case, however, the medical authorizations comprise only a portion of the discovery obtained by the defendants.

6. Defendants complain that the requirement that they show a particularized need for discovery from non-trial plaintiffs improperly shifted the burden to the party seeking discovery to show why it is necessary. Moreover, they assert such a requirement on the party seeking discovery will result in loss of attorney work product privilege because they will be required to reveal why they seek discovery from particular individuals. While the court's requirement arguably shifts the burden to the defendants, we do not consider it an abuse of discretion. As the trial court acted within its discretion in ordering discovery abated as to all plaintiffs save the designated trial plaintiffs, it further acted within its discretion by providing the defendants with a vehicle for attaining discovery on non-trial plaintiffs notwithstanding the abatement order.

to go to trial first and to abate discovery as to the remainder.

Considering the need to manage mass tort litigation, the basic discovery provided to the defendants, and the trial court's providing defendants with a means of attaining discovery from non-trial plaintiffs, we conclude the court did not abuse its discretion by allowing selection of a small group of plaintiffs and abating additional discovery as to all but the forty-four trial plaintiffs.

■ Defendants additionally contend that the trial court abused its discretion by allowing plaintiffs' counsel unilaterally to select twenty plaintiffs to appear as the first plaintiffs at trial. In fact, the court allowed the defendants to challenge the selected trial plaintiffs by showing that the plaintiffs "should not be tried together, and that a smaller set of Plaintiffs should be tried together." We conclude the trial court did not abuse its discretion in allowing the plaintiffs to select, and the defendants to challenge, the initial trial plaintiffs.

■ Defendants further complain the trial court abused its discretion in failing to compel all plaintiffs to supplement their response to Interrogatory Number 3 propounded by Allied Chemical Corporation. We agree.

The contested interrogatory and response stated:

*INTERROGATORY NO. 3:*

Please state the name and address of each and every doctor, physician or other medical practitioner who has attributed your alleged injury made the basis of this lawsuit to exposure to the defendants' products, including the dates of treatment or examination of each such doctor, physician or other medical practitioner, and the name or identify [sic] of the product to which your alleged injury is attributed.

*SUPPLEMENTAL RESPONSE:*

Plaintiff . . . does not recall the names of any of the medical health care providers attributing the injuries to exposure to Defendants' chemicals nor the dates of treatment. Plaintiff will later supplement if Plaintiff later recalls this information. To the best of Plaintiff's recollection, Plaintiff did not [ask] a medical health care provider if the chemicals at the Parker–Hannifin Corporation plant caused the medical conditions. Plaintiff['s] . . . medical conditions are currently attributed to the chemicals used at the Parker–Hannifin Corporation plant in McAllen, Texas, including those listed in EXHIBIT "A" in Interrogatory No. 2A of Plaintiff Elias Acevedo's First Supplemental Answers to Allied Chemical Corporation's First Set of Interrogatories. In addition, it is Plaintiff's understanding that there are experts that have or will attribute Plaintiff's injuries to the chemicals. Their names will be provided to Defendants in accordance with the Docket Control order and/or the Texas Rules of Civil Procedure. Plaintiff, however, has seen the medical health providers listed in Interrogatory No. 2(D) above.

As the defendants observe, this is the same interrogatory at issue in *Able Supply Co. v. Moye,* 898 S.W.2d 766, 768 (Tex. 1995). In that case, the supreme court held that a trial court abused its discretion in denying the defendants' motion to compel a supplemental answer to the response, "The answer to this interrogatory has not been determined at this time, but will be supplemented at a later date." *Id.* Because the case had been on file for several years and many of the defendants had not discovered whether their products were responsible for any of the plaintiffs' injuries, the court found this response inadequate, and held that "[e]ach defendant is entitled to discover whether there has been a medical determination that an illness has been caused by that defendant's product." *Id.* at 770. The defendants in

this case contend that the plaintiffs' responses are inadequate because they neither provided the names of any physicians who attributed their injuries to the defendants' chemicals, nor denied that a physician had, in fact, made such a determination.

■ A party must respond to written discovery with a complete response, based on all the information reasonably available to the party or its attorney at the time the response is made. *See* TEX. R. CIV. P. 193.1. The sufficiency of answers to any given set of interrogatories must be decided on a case by case basis. *See De Prins v. Van Damme*, 953 S.W.2d 7, 18 (Tex. App.—Tyler 1997, writ. denied); *Jamail v. Anchor Mortg. Services, Inc.*, 797 S.W.2d 369, 374 (Tex.App.—Austin 1990), *writ denied per curiam*, 809 S.W.2d 221 (Tex. 1991). Few general rules exist regarding the sufficiency of answers to interrogatories due to the unique nature of interrogatories and the answers. *See Jamail*, 797 S.W.2d at 374.

In the present case, the defendants asked for the name and address of each and every doctor, physician, or medical practitioner who attributed their injury to exposure to the defendants' products. Apparently, all plaintiffs who responded answered that they did not recall the names of any such physicians or medical practitioners, and that, to the best of their knowledge, they did not ask a medical health care provider if the chemicals at the plant caused their medical condition. In accordance with *Able Supply*, we conclude that the uniform response by all plaintiffs that they did not recall the names of any physicians who had linked their injuries to the defendants' chemicals and that they did not ask a medical health care provider if the chemicals at the plant caused their medical condition is insufficient and must be supplemented to answer whether a medical determination has been made that an illness was caused by the defendants' products.

Plaintiffs argue that the defendants are asking them to answer questions which they cannot answer; that is, they are asking them to remember facts which they are unable to remember, or make up an answer. However, if no physician or medical practitioner has diagnosed a plaintiff as having an injury caused by a specific product, then the plaintiff must respond accordingly.

■ Plaintiffs further contend they have provided this information through medical authorizations and other discovery. In *Able Supply*, the plaintiffs noted that they were "in the process of 'providing medical authorizations to Defendants' and that each answered set of master interrogatories provide[d] defendants with information on that plaintiff's illness and the doctors who have treated him." *Able Supply*, 898 S.W.2d at 770. In response to this argument, the court expressed that such information "is not a substitute for discovery on the issue of causation." *Id.* Likewise, the medical authorizations, lists of doctors who have treated the plaintiffs, and the injuries described in the plaintiffs' initial disclosures do not provide the defendants with discovery on the issue of causation. Neither do the expert reports provided by the plaintiffs linking some of the products at the plant to various injuries constitute a response to the interrogatory, as none of the reports explain whether a physician has made a medical determination that an illness was caused by a defendant's product.

■ Plaintiffs additionally contend that they are unable to provide an answer naming a physician who has linked an injury to a specific chemical of the defendants because the plaintiffs' theory of liability is that a combination of chemicals, rather than a single chemical, caused their injuries. Accordingly, no doctor would have attributed their injuries to a single chemical. As plaintiffs note, their expert reports detail their "toxic soup" theory of liability. The defendants respond that plaintiffs must prove that specific chemi-

cals are defective to attribute liability to any defendant. We do not take this occasion to comment on the viability of such a claim, and we would be inclined to agree that such an issue would be better resolved on summary judgment. Regardless of whether plaintiffs are entitled to rely on such a theory, however, they must answer whether there has been a medical determination attributing their injuries to the defendants' chemicals. If no physician has made such a determination, regardless of plaintiffs' theory of liability, they should answer accordingly.

The supreme court in both *Able Supply* and *Colonial Pipeline* has made clear that "[e]ach defendant is entitled to discover whether there has been a medical determination that an illness has been caused by that defendant's product." *Colonial Pipeline*, 968 S.W.2d at 942 (quoting *Able Supply*, 898 S.W.2d at 770). Because the plaintiffs' supplemental response, as it stands, fails to answer whether there has been such a determination, we find that the trial court clearly abused its discretion in failing to compel all plaintiffs to supplement the answer by a date certain.

 We additionally conclude defendants are without an adequate remedy at law. The suit has been on file for more than six years, without the defendants having knowledge of whether there has been a medical determination linking the plaintiffs' injuries to the defendants' products. The "denial of discovery going to the heart of a party's case may render an appellate

remedy inadequate." *Able Supply*, 898 S.W.2d at 772. Whether the defendants' products caused the plaintiffs' injuries goes to the heart of the litigation. *See id.* Therefore, we conditionally grant the petition for writ of mandamus [7] and order the trial court to compel all plaintiffs to supplement their response to interrogatory Number 3 propounded by Allied Chemical Corporation by a date to be determined by the trial court.[8] Except for this supplementation by all plaintiffs, discovery shall remain abated to the non-trial plaintiffs.

Finally, defendants assert the cumulative effect of the trial court's orders constitutes an abuse of discretion. We have concluded the trial court did not abuse its discretion in designating a small group of trial plaintiffs and abating discovery, notwithstanding supplementation of interrogatory Number 3, as to the non-trial plaintiffs, and we have conditionally granted the writ of mandamus with respect to the plaintiffs' response to interrogatory Number 3. Therefore, any error has been remedied.

We conditionally grant the petition for writ of mandamus and order the trial court to enter an order granting defendant's motion to compel of February 3, 1997, under which all plaintiffs are to supplement their answers to interrogatory Number 3 propounded by Allied Chemical Corporation by a date certain. However, the writ will not issue unless the trial court fails to comply with this opinion. We deny the

---

7. Plaintiffs contend defendants are not entitled to mandamus relief because they come before this Court with unclean hands. Specifically, plaintiffs maintain that defendants intentionally delayed litigation by, *inter alia,* frivolously removing the case to federal court, objecting to discovery, and refusing to identify experts and produce expert reports. Plaintiffs have failed to include any record references in support of their assertion that defendants refused to identify experts and produce expert reports. Moreover, plaintiffs have failed to make a showing that any of these actions were frivolous or intended to delay the litigation. We refuse to deny defendants

equitable relief based on the bald allegations of plaintiffs. In short, we conclude plaintiffs unclean hands argument is entirely devoid of merit.

8. We note that defendants have asked that we order the trial court to require plaintiffs to supplement their responses no less than ninety days after the date of this Court's order. We believe the trial court is in a better position to schedule a deadline for this discovery, and that the more pragmatic approach is to leave the precise date to the discretion of the trial court.

petition for writ of mandamus as it relates to all other requests for relief.