NUMBER 13-06-00153-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 




IN RE VAN WATERS & ROGERS, INC., ET AL.





On Petition for Writ of Mandamus










MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion Per Curiam


 This is a mass tort case wherein plaintiffs allege personal injuries caused by
workplace exposure to hazardous chemicals manufactured, marketed, sold, or distributed
by relators, Van Waters & Rogers, Inc. n/k/a Univar USA Inc. f/k/a Vopak USA Inc., and
ChemCentral Corp. (hereafter collectively referred to as "Van Waters"). Van Waters has
filed a petition for writ of mandamus asking this Court to require the trial court to vacate its
orders of January 19, 2006 and March 10, 2006, selecting ten plaintiffs for a single trial and
setting a trial date in the absence of an adequate answer to the "Able Supply" interrogatory. 
See Able Supply Co. v. Moye, 898 S.W.2d 766, 769-71 (Tex. 1995) (holding trial court
abused its discretion in refusing to compel each plaintiff in toxic tort case to indicate which
product made by which of 300 defendants caused injury). We conditionally grant the writ
as specified herein.

I. Background


 The factual, procedural, and legal background regarding this case and the issues
herein have been extensively discussed in prior original proceedings before this Court and
the Texas Supreme Court. See generally In re Van Waters & Rogers, Inc., 145 S.W.3d
203 (Tex. 2004) (orig. proceeding) (per curiam); In re Van Waters & Rogers, Inc., 62
S.W.3d 197 (Tex. 2001) (orig. proceeding); In re Van Waters & Rogers, Inc., 988 S.W.2d
740 (Tex. 1998) (orig. proceeding) (per curiam); In re Van Waters & Rogers, Inc., No. 13-03-00077-CV (Tex. App.-Corpus Christi Aug. 8, 2003, orig. proceeding) (unpublished
order); In re Van Waters & Rogers, Inc., 31 S.W.3d 413 (Tex. App.-Corpus Christi 2000,
orig. proceeding); In re Van Waters & Rogers, Inc., No. 13-98-00046-CV (Tex.
App.-Corpus Christi Feb. 26, 1998, orig. proceeding) (unpublished order). Therefore, we
will not further address the background herein. See Tex. R. App. P. 47.4.

 The instant petition for writ of mandamus was filed on April 3, 2006. The Court
requested that the real parties in interest file a response by July 10, 2006. Real parties
requested and received an extension of time to file their response until August 24, 2006. 
Nevertheless, real parties in interest have failed to file a response to date. See Tex. R.
App. P. 52.4 (stating that a response to a petition for writ of mandamus is not mandatory,
but the court may not grant relief, other than temporary relief, before a response has been
filed or requested). Accordingly, we will assume for the purposes of this proceeding that
the statement of facts in the petition for writ of mandamus is accurate. Cf. id. 52.4(b)
(response need not include statement of facts unless the responding party is dissatisfied
with that portion of the petition). 

II. Consolidation


 Relator contends the trial court abused its discretion in two respects. First, relator
argues that the trial court abused its discretion in consolidating for trial the workplace toxic
tort claims of ten plaintiffs. Relator contends that consolidation of these claims will
undermine an otherwise fair and impartial trial and will cause confusion or prejudice so as
to render the jury incapable of finding the facts on the basis of the evidence. 

A. Availability of Mandamus Relief


 Mandamus is an extraordinary remedy, available only when a trial court clearly
abuses its discretion and there is no adequate remedy on appeal. Walker v. Packer, 827
S.W.2d 833, 840-44 (Tex. 1992); In re Kellogg Brown & Root, 7 S.W.3d 655, 657 (Tex.
App.-Houston [1st Dist.] 1999, orig. proceeding). An appellate remedy may be adequate
even though it involves more delay or cost than mandamus. Walker, 827 S.W.2d at 842. 
An appellate remedy is "adequate" when any benefits to mandamus review are outweighed
by the detriments; when the benefits outweigh the detriments, appellate courts must
consider whether the appellate remedy is adequate. In re Prudential Ins. Co., 148 S.W.3d
124, 136 (Tex. 2004) (op. on reh'g).

 Because a consolidation order usually does not threaten a defendant's substantial
rights, mandamus typically does not lie from a trial court's consolidation order; however,
if an ordinary appeal is inadequate because extraordinary circumstances exist, mandamus
relief may be appropriate. In re Van Waters & Rogers, Inc., 145 S.W.3d at 211; In re Shell
Oil Co., 202 S.W.3d 286, 288-289 (Tex. App.-Beaumont 2006, orig. proceeding).

B. Applicable Law


 Rule 174 of the Texas Rules of Civil Procedure governs consolidation and provides
as follows:

 (a) Consolidation. When actions involving a common question of law or fact
are pending before the court, it may order a joint hearing or trial of any or all
the matters in issue in the actions; it may order all the actions consolidated;
and it may make such orders concerning proceedings therein as may tend
to avoid unnecessary costs or delay.


Tex. R. Civ. P. 174(a). Although Texas Rule of Civil Procedure 174 gives the trial court
broad discretion to consolidate cases, the trial court's discretion is not unlimited. Womack
v. Berry, 156 Tex. 44, 291 S.W.2d 677, 683 (1956). 

 In determining whether consolidation is appropriate in a mass tort case involving
chemical exposure in the workplace, we apply the test articulated by the Texas Supreme
Court in In re Ethyl Corp., 975 S.W.2d 606 (Tex. 1998). See In re Van Waters & Rogers,
Inc., 145 S.W.2d at 207-08. In Ethyl, the supreme court adopted the "Maryland factors"
to aid courts in determining whether consolidation of claims is likely to prejudice or confuse
the jury. Ethyl Corp., 975 S.W.2d at 614. The Maryland factors include: (1) common
worksite; (2) similar occupation; (3) similar time of exposure; (4) type of disease; (5)
whether plaintiffs are living or deceased; (6) status of discovery in each case; (7) whether
all plaintiffs are represented by the same counsel; and (8) type of cancer alleged. Id. at
611. In addition to the Maryland factors, the Texas Supreme Court also considered the
type of products to which the plaintiffs were exposed as a relevant factor. Id.

 The Maryland factors are designed to assist courts in determining if the
consolidation of claims is likely to prejudice or confuse the jury. In some
cases, the probability that prejudice or confusion will result may be apparent
when only one factor is examined. It may be that the number or diversity of
worksites, for example, would create such confusion that it would be an
abuse of discretion to consolidate. In other cases, no single factor may
clearly indicate that prejudice or confusion is probable, but when the
evidence that will be presented is considered in the aggregate, the
cumulative effect would result in an unacceptably high risk of prejudice or
juror confusion. In the final analysis, the dominant consideration in every
case is whether the trial will be fair and impartial to all parties.


Id. at 614-15. The supreme court cautioned that there is no mathematical formula for
determining the number of claims that may be properly consolidated, and some of the
Maryland factors should be given more weight than others. Id. In addition to the Maryland
factors, trial courts should also consider the maturity of the alleged tort. Van Waters &
Rogers, Inc., 145 S.W.3d at 208. A tort is considered mature when there has been full and
complete discovery, multiple jury verdicts, and a persistent vitality in the plaintiffs'
contentions. Id. Trial courts should "proceed with extreme caution" when consolidating
claims involving immature torts. Id.; see In re Bristol-Myers Squibb Co., 975 S.W.2d 601,
603 (Tex. 1998) (orig. proceeding).

C. Analysis


 We would note that the Texas Supreme Court has previously considered the
propriety of consolidation in the instant case. Van Waters & Rogers, Inc., 145 S.W.3d at
208. Our analysis is, therefore, controlled and instructed by this prior decision. Id.; see
Loram Maint. of Way, Inc. v. Ianni, 210 S.W.3d 593 (Tex. 2006) ("The 'law of the case'
doctrine is defined as that principle under which questions of law decided on appeal to a
court of last resort will govern the case throughout its subsequent stages."). 

 1. Common Worksite


 Real parties in interest moved to consolidate for trial ten plaintiffs who each
allegedly worked in the "Banbury" Unit at the Parker-Hannefin facility. However, our review
of the record evidence shows that the plaintiffs selected for trial worked not only in the
Banbury Unit but also in different areas of the facility. Further, based on the record before
us, these plaintiffs have presented no evidence that they were exposed to the same injury-producing chemical mixtures. This factor favors separate trials.

2. Similar Occupations


 According to the trial list produced by real parties in interest, all ten of the plaintiffs
selected for trial worked as compounders. However, according to our review of the
mandamus record, while most of these individuals may indeed have served as
compounders during some part of their employment at the facility, they also possessed
multiple jobs in various locations at the facility. 

 Feliciano Avilez worked as a compounder, a press operator, a mixer operator, and
assisted in the laboratory. Manuel Barrientos worked on the press line and served as a
mechanic. Edilio DeLeon was a polymer cutter, a mixer operator, a mill cutter, a packer,
a compounder, and weighed chemicals. Antonio Garcia was a compounder and loader. 
Cenovio Guzman was a compounder and a maintenance assistant. Rolando Mercado was
a machine operator, a mixer, a mold loader and mold changer, and a manufacturing
specialist. Marcial Ponce was a compounder, an operator mixer, and a leadman. Jose
Luis Rodriguez was a fork lift operator, a compounder, a machine operator, a mill operator,
a mixer, and worked also in cutting, measuring, and packing. Javier Saenz was a mold
changer and chemical mixer. Richard Soto was a compounder, a fork lift operator, and a
mill operator. 

 These different occupations necessarily result in different exposure levels to
different chemical combinations. As stated previously, "[c]onsolidating claims under these
facts will undoubtedly lead to juror confusion, unfairly prejudicing the defendants. Not only
would jurors be forced to keep track of various exposure levels, but the jury would also
need to follow the varying exposures to the fifty-five original defendants' chemicals and the
many more chemical combinations used at different work sites." Van Waters & Rogers,
Inc., 145 S.W.3d at 209. Based on the evidence, this factor also favors separate trials. 

3. Similar Times of Exposure


 The factor regarding times of exposure has two aspects: (1) the dates on which the
exposure occurred, and (2) the length of exposure. Id. The ten plaintiffs worked at the
plant during various periods of time spanning from 1976 to 1992. As stated previously,
"during different periods of time, different chemicals were used at the plant. Because the
chemicals used at the plant changed periodically, and many of the plaintiffs worked at the
plant on different dates, this factor weighs against consolidation." Id. 

 The length of exposure also weighs against consolidation because the duration of
exposure varies significantly among the group of ten trial plaintiffs. Four plaintiffs worked
at the Parker-Hannifin facility for a duration of four to five years; two workers worked there
for eight or nine years; and four workers worked there for fourteen to sixteen years. This
factor weighs against consolidation.

4. Similar Type of Disease


 The proposed plaintiffs allege more than fifty-five different ailments, and no two
plaintiffs have identical symptoms. "The evidence reflects exposure to different chemicals
by virtue of working in different work sites, and this dissimilarity is compounded by
evidence of vastly different injuries. There is no allegation or evidence that the different
injuries stem from the same sources." Id. at 210. This factor weighs against consolidation.

5. Living or Deceased


 Each of the ten trial plaintiffs is living. This factor weighs in favor of consolidation. 

6. Status of Discovery


 Discovery in this matter is substantially advanced. This factor weighs in favor of
consolidation.

7. Same Counsel


 The plaintiffs are represented by the same counsel. This factor weighs in favor of
consolidation.

8. Type of Cancer Alleged


 The trial plaintiffs do not allege cancer, therefore, we do not consider this factor.

9. Products


 The plaintiffs allege injury from exposure to chemicals and products from fifty-five
different defendants. Plaintiffs allege that these chemicals were mixed into a "toxic soup"
with various harmful combinations of toxins from many different defendants. This factor
weighs against consolidation.

10. Maturity of the Alleged Tort


 A further consideration is the maturity of the alleged tort. "Because no 'toxic soup'
case has ever been tried or appealed in Texas, the tort is immature. Hence, the trial court
has less discretion to consolidate dissimilar claims and must proceed with extreme
caution." Id.

D. Conclusion Regarding Consolidation


 Most of the Maryland factors weigh against consolidation, and the three factors that
favor consolidation receive less weight than the others. Ethyl, 975 S.W.2d at 616; see Van
Waters, 145 S.W.3d at 211. As stated previously by the Texas Supreme Court in this very
matter:

 Most importantly, because the plaintiffs worked at what were effectively
different work sites, and thus were exposed to entirely different chemical
mixtures, the other dissimilarities involving disease and occupations are
magnified. Establishing a defendant's liability based on one plaintiff's
exposure to a certain chemical combination will not aid in establishing a
different defendant's liability for another plaintiff's exposure to an entirely
different mixture of chemicals. Rather, it would only serve to prejudice and
confuse a jury. 


Van Waters, 145 S.W.3d at 211. Our dominant consideration must be whether a
consolidated trial will be fair and impartial to all parties. See Ethyl, 975 S.W.2d at 614-15. 
Because analysis of the evidence using the factors adopted in Ethyl demonstrates that,
based on this record, significant juror confusion and undue prejudice would result from a
trial of this particular group of twenty plaintiffs, we hold that the trial court abused its
discretion in consolidating this group for trial. 

 We conclude the trial court abused its discretion by consolidating the cases for trial,
and relators lack an adequate appellate remedy. See generally Van Waters, 145 S.W.3d
at 211. The petition for writ of mandamus is conditionally granted. The writ will issue only
if the trial court does not vacate its consolidation order in accordance with this opinion.

III. Able Supply Interrogatory


 Relator contends that the trial court also abused its discretion in setting this matter
for trial without an adequate answer to the Able Supply interrogatory. This interrogatory
reads as follows: 

 Please state the name and address of each and every doctor, physician or
other medical practitioner who has attributed your alleged injury made the
basis of this lawsuit to exposure to the defendants' products, including the
dates of treatment or examination of each such doctor, physician or other
medical practitioner, and the name or identify [sic] of the product to which
your alleged injury is attributed.


See Able Supply Co., 898 S.W.2d at 768. The responses of real parties in interest, or lack
thereof, to this interrogatory has previously been discussed by this Court and the Texas
Supreme Court. Van Waters & Rogers, Inc., 62 S.W.3d at 198-200; Van Waters & Rogers,
Inc., 31 S.W.3d at 420-21. 

 At issue now is the sufficiency of plaintiffs' supplemental answers to this
interrogatory. Feliciano Avilez, Edilio DeLeon, Antonio Garcia, Cenovio Guzman, Rolando
Mercado, Marcial Ponce, Jose Luis Rodriguez, and Javier Saenz's supplemental answer
reads as follows: "None. Plaintiffs, however, would state that one of the medical
conditions Plaintiffs suffer due to the exposure to Defendants' toxic chemicals is memory
loss. Should information become available that would change the answer to this
interrogatory, Plaintiffs will supplement." The supplemental responses of Manuel
Barrientos and Richard Soto identified a health care provider and stated that: 

 Plaintiff recalls that the following medical health care providers attributed his
injuries to Defendant's' chemicals. The medical health care providers did not
identify the name of the chemical, but did state that the exposure to
chemicals attributed to the development of Plaintiff's injuries. Plaintiff,
however, does not recall the dates of treatment. 


A. Availability of Mandamus Relief


 The scope of discovery is largely within the trial court's discretion. Dillard Dep't
Stores, Inc. v. Hall, 909 S.W.2d 491, 492 (Tex. 1995). However, mandamus will issue to
correct a discovery order if the order constitutes a clear abuse of discretion and there is no
adequate remedy by appeal. In re Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex.
1998). 

 A trial court abuses its discretion when it acts in an unreasonable or arbitrary
manner or, stated differently, when it acts without reference to guiding rules and principles.
See, e.g., Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991). A party does
not have an adequate remedy by appeal when a party's ability to present a viable claim or
defense is severely compromised or vitiated by the erroneous discovery ruling to the extent
that it is effectively denied the ability to develop the merits of its case. Walker, 827 S.W.2d
at 843.

B. Applicable Law


 Under Able Supply Co. v. Moye, 898 S.W.2d 766 (Tex. 1995), "each defendant is
entitled to discover whether there has been a medical determination that an illness has
been caused by that defendant's product." See id. at 770. In Able Supply, the supreme
court discussed the same kinds of problems as those presented in this case.

 The refusal [or inability] of the plaintiffs to provide a medical link between a
particular plaintiff and a particular product at this point in time puts every
defendant in the position of having to defend every case until all are tried,
which constitutes a monumental waste of judicial resources. The burden
imposed by requiring 294 defendants to continue to defend the claims of
over 3,000 plaintiffs while awaiting a thirty-day window prior to trials that have
yet to be scheduled before discovering which defendants are implicated is
far out of proportion to any benefit to the plaintiffs in withholding this basic
information.


Able Supply Co. v. Moye, 898 S.W.2d at 771-72.

C. Analysis


 The real parties in interest's supplemental responses to the Able Supply
interrogatory fall into two categories. The real parties in interest have either answered that
(1) no health care provider has made the required connection between injury and exposure
to the defendant's products, or (2) have answered that a named health care provider has
attributed the possibility of injury to chemicals generally, without specifying a particular
product or products. Relator contends that the trial court abused its discretion in setting
this case for trial in the absence of an adequate response to this interrogatory.

 The adequacy of the real parties in interest's answers to this interrogatory has twice
been addressed in this case. See Van Waters & Rogers, Inc., 62 S.W.3d at 198-200; Van
Waters & Rogers, Inc., 31 S.W.3d at 420-21. The Texas Supreme Court has made it
abundantly clear, in this case and others, that plaintiffs are required to provide basic
information regarding their individual injuries and the causative chemicals. See Van
Waters & Rogers, Inc., 62 S.W.3d at 200; In re Colonial Pipeline Co., 968 S.W.2d at 942;
Able Supply Co., 898 S.W.2d at 771-72. Nevertheless, the real parties' supplemental
answers fail to identify any "doctor, physician or other medical practitioner" who has
attributed alleged injuries to exposure to the defendants' products, including the name or
identity of the products at issue. 

 Whether the defendants' products caused the plaintiffs' injuries goes to the heart
of the litigation. Therefore, we conditionally grant the petition for writ of mandamus and
order the trial court to compel all plaintiffs to supplement their response to this interrogatory
by a date to be determined by the trial court.

IV. Conclusion


 We conclude the trial court abused its discretion in consolidating these plaintiffs for
trial and in setting this matter for trial in the absence of an adequate response to the Able
Supply interrogatory. Accordingly, relator's petition for writ of mandamus is conditionally
granted. See Tex. R. App. P. 52.8(a). This matter is remanded to the trial court for further
proceedings consistent with this opinion. The writ of mandamus will issue only if the trial
court fails to comply. 

 PER CURIAM

Order delivered and filed

on the 6th day of March, 2007.