**Timothy and Robin JAMAIL, Appellants,**

v.

**ANCHOR MORTGAGE SERVICES, INC., Appellee.**

No. 3–89–147–CV.

Court of Appeals of Texas, Austin.

Oct. 3, 1990.

Rehearing Overruled Nov. 14, 1990.

---

Bonnie Bratton, The Bratton Firm, Austin, for appellants.

Mark S. Cruzcosa, William S. Warren, Pope, Hopper, Roberts & Warren, P.C., Austin, for appellee.

Before POWERS, CARROLL and SMITH *, JJ.*

EARL W. SMITH, Justice (Retired).

Timothy and Robin Jamail, appellants, brought a cause of action for damages against Anchor Mortgage Services, Inc., appellee, alleging negligence and violations of the Deceptive Trade Practices Act, Tex. Bus. & Com.Code Ann. § 17.41, *et seq.* (1986) ("DTPA"). Appellants alleged that appellee failed to honor a loan commitment, thus forcing them to accept a loan from another lending institution at a higher rate of interest. Appellants alleged two separate theories of recovery, one for negligence and the other for violation of the DTPA. Appellee answered that, since no rate of interest was ever agreed upon, appellants could not prove damages for failure to consummate the loan. Evidence was presented to a jury which answered seven questions.

Regarding the questions related to negligence, the jury found:

Karl Mutschler, an employee of appellee, while acting in the scope of his employ-

---

* Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003 (1988).

ment or while having "apparent authority" from appellee, represented to appellant Timothy Jamail that a loan for 80% of the appraised value of the property would be made by appellee; such representation was negligence, which proximately caused damages to appellants; such negligence did not constitute gross negligence; such negligence did cause damages to appellants. The jury then awarded appellants the total sum of $7000.00 as reasonable compensation for damages resulting from their negligence cause of action ($3000.00 for past monetary losses and $4000.00 for future monetary losses).

As to appellants' DTPA theory of recovery, the jury found:

Karl Mutschler, an employee of appellee, represented to appellant Timothy Jamail that the services of appellee had benefits, characteristics, or approval which it did not have; such failure of appellee to provide appellants with the loan in question was not unconscionable; Karl Mutschler failed to disclose information concerning appellee's loan services which was known at the time of the transaction; such failure was a producing cause of damages to appellants; and such representations were knowingly committed. However, the jury found appellant did not suffer any damages by reason of the DTPA violations.

Appellants bring seven points of error:

1) The trial court erred in overruling appellants' motion to disregard the jury's responses to jury questions and in failing to render judgment for appellants under their DTPA cause of action because the jury's responses to the negligence damages question (special issue 6) and the DTPA causation and damages questions (special issues 11 and 13) are in apparent conflict, and should have been reconciled by disregarding the answer of "$0.00" to the DTPA damages question.

2) The trial court erred in overruling appellants' motion to disregard the jury's responses to questions and motion for judgment n.o.v. and in failing to render judgment for appellants under their DTPA cause of action because the jury's responses to the negligence damages question (special issue 6) and the DTPA causation and damages questions (special issues 11 and 13) are in apparent conflict and should have been reconciled by interpreting the positive answer of $7000.00 to the negligence damages question as also providing damages under the DTPA.

3) The trial court erred in overruling appellants' amended motion for judgment n.o.v. and motions for new trial because the jury's response of "$0.00" to the question regarding monetary losses incurred in the past by appellants due to appellee's alleged DTPA violation was not supported by any probative evidence since monetary losses were shown as a matter of law and was against the great weight and preponderance of the evidence.

4) The trial court erred in failing to grant a mistrial with regard to appellants' DTPA cause of action because the jury's responses to the negligence damages question (special issue 6) and the DTPA causation and damages questions (special issues 11 and 13) are in fatal irreconcilable conflict.

5) The trial court erred in failing to grant a new trial with regard to appellants' DTPA cause of action against appellee because the jury's responses to the negligence damages question (special issue 6) and the DTPA causation and damages questions (special issues 11 and 13) are in fatal irreconcilable conflict.

6) The trial court erred in allowing appellee to offer the testimony of appellee's witness, Jerry Perkins, because appellee failed to designate him as a person with knowledge of relevant facts in response to appellants' discovery request and because appellee failed to make a showing of good cause for such failure.

7) The trial court erred in overruling appellants' motion for new trial because testimony was admitted on behalf of

appellee from Jerry Perkins who was never designated as a person with knowledge of relevant facts in response to appellants' discovery requests and because appellee failed to make a showing of good cause for such failure.

We overrule appellants' points of error, and will affirm the judgment of the trial court.

■ Appellants argue in points of error one, two, four, and five that the jury's answers to questions 6, 11, and 13 are in conflict. Appellants suggest that the trial court erred in not substituting the jury's answers of $3000.00 past damages and $4000.00 future damages to negligence question 6 for the jury's answer of "$0.00" to DTPA damages question 13. Alternatively, appellants contend the jury's answer of "$0.00" to DTPA damages question 13 should simply be disregarded. Appellants' points of error might also be read to suggest that the jury's positive answer of "yes" to question 11, the DTPA producing cause question, is in conflict with the jury's negative answer of "$0.00" to DTPA damages question 13. Appellants' contention that the jury's answers to questions 6, 11, and 13 conflict is without merit.

The issues raised in appellants' points of error one, two, four, and five have been decided in *Rueben H. Donnelley Corp. v. McKinnon*, 688 S.W.2d 612 (Tex.App.1985, writ ref'd n.r.e.). In *McKinnon*, the plaintiff alleged the defendants were negligent and violated the DTPA by failing to provide advertising as provided for in a contract between the parties. The jury found the plaintiff to be entitled to damages of $70,006.00 on his negligence claim. However, although the jury found the defendant had committed a DTPA violation and that this conduct was a producing cause of damages to plaintiff, it refused to provide the plaintiff with actual DTPA damages. The jury in *McKinnon* then found the plaintiff to be entitled to $140,000.00 additional damages, even though the additional damages question was to be answered only if the jury answered "yes" to the DTPA actual damages question. The trial court also award-

ed the plaintiff attorney's fees despite the jury's failure to find actual damages under the DTPA. *Id.* at 616.

The defendant in *McKinnon* appealed, arguing the trial court should not have awarded the plaintiff/appellee additional damages since the jury found no actual damages under the DTPA claim. The appellee contended that the jury's award of damages under the negligence action was sufficient to show actual damages under the DTPA action, and therefore the additional damages award was proper. *Id.* The court of appeals held the damages awarded under the negligence cause of action could not be substituted for the jury's finding of no damages under the DTPA violation. *Id.* at 617. The jury questions relating to each cause of action had been submitted separately so the trial court would know the portion of damages attributable to each cause of action. *Id.* (citing *Lucas v. Nesbitt*, 653 S.W.2d 883 (Tex.App. 1983, writ ref'd n.r.e.)). Thus, the court of appeals reversed the trial court and held that actual damages under the DTPA must be found in order to award additional damages. *McKinnon*, 688 S.W.2d at 617; *see also City Products Corp. v. Berman*, 610 S.W.2d 446 (Tex.1980) (holding that punitive damages cannot be awarded if jury finds plaintiff suffered no actual damages). Furthermore, the court of appeals held that the trial court erred in awarding attorney's fees absent a finding of actual damages under the DTPA. *McKinnon*, 688 S.W.2d at 617; *see also Freedom Homes of Texas, Inc. v. Dickinson*, 598 S.W.2d 714 (Tex.Civ. App.1980, writ ref'd n.r.e.); *Harrison v. Dallas Court Reporting College*, 589 S.W.2d 813 (Tex.Civ.App.1979, no writ); *Reiger v. DeWylf*, 566 S.W.2d 47 (Tex.Civ. App.1978, writ ref'd n.r.e.) (all holding that, absent a judgment for actual damages, an award of attorney's fees under the DTPA cannot stand).

The Supreme Court has defined the standard for determining whether a conflict exists in jury answers as follows:

In reviewing the jury findings for conflict, the threshold question is whether the findings are about the same material fact. *Pearson v. Doherty*, 143 Tex. 64,

183 S.W.2d 453, 455 (1944). A court may not strike down jury answers on the ground of conflict if there is any reasonable basis upon which they can be reconciled. *Little Rock Mfg. Co. v. Dunn*, 148 Tex. 197, 222 S.W.2d 985, 989 (1949). The court must "reconcile apparent conflicts in the jury's findings" if reasonably possible in light of the pleadings and evidence, the manner of submission, and the other findings considered as a whole. *Ford v. Carpenter*, 147 Tex. 447, 216 S.W.2d 558, 562 (1949). Where the issues submitted "admit of more than one reasonable construction," that which avoids a conflict in the answers is generally adopted. *See Merritt v. King*, 66 S.W.2d 464, 466 (Tex.Civ.App.—Texarkana 1933, writ ref'd). As we stated in *Producers Chemical Company v. McKay*, 366 S.W.2d 220, 224 (Tex.1963), "It is our duty to harmonize jury findings when possible." We do not determine whether the findings may reasonably be viewed as conflicting; to the contrary, the question is whether there is any reasonably possible basis upon which they may be reconciled.

*Bender v. Southern Pac. Transp. Co.*, 600 S.W.2d 257, 260 (Tex.1980).

We hold that, under this standard, the jury's answers to questions 6, 11, and 13 do not conflict. There is a reasonable basis upon which these answers can be reconciled. The jury answered questions relating to two separate causes of action. As to the negligence cause of action, the jury answered question 6 by finding that appellee's employee's negligence warranted an award of damages. As to the DTPA cause of action, the jury answered question 11 by finding appellee's DTPA violation to have been a producing cause of appellants' injuries, but found in question 13 that the DTPA violation warranted no award of damages. A reasonable construction of these answers is that appellee's negligence caused damages, but its DTPA violation did not cause damages. Appellants' points of error one, two, four, and five are therefore overruled.

■ In point of error three, appellants challenge the jury's answer of "$0.00" to question 13(c), which asked whether damages should be awarded for monetary losses in the past incurred by appellants as a result of conduct which violated the DTPA. Appellants argue that the answer was not supported by any probative evidence because monetary losses were shown as a matter of law and was against the great weight and preponderance of the evidence.

■ Appellant must overcome two hurdles to set aside an adverse finding by the jury as a matter of law. *Holley v. Watts*, 629 S.W.2d 694, 696 (Tex.1982). First, the record must be examined for evidence that supports the jury's findings, while ignoring all evidence to the contrary. If there is no evidence to support the fact finder's answer, then secondly, the entire record must be examined to see if the contrary proposition is established as a matter of law. *Id.* (citing *Texas & N.O.R. Co. v. Burden*, 146 Tex. 109, 203 S.W.2d 522 (1947). Appellants' "against the great weight and preponderance" point of error will be sustained only if, after reviewing the entire record, the verdict is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex.1986); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

After carefully reviewing the record, we hold that DTPA actual damages were not shown as a matter of law and that the jury's finding of no DTPA actual damages was not against the great weight and preponderance of the evidence. The only testimony bearing on appellants' past monetary losses with regard to their DTPA cause of action was the deposition testimony of appellants' expert, Melissa Patterson. Ms. Patterson calculated appellants' alleged DTPA damages based on the difference between a 9.25% interest rate she assumed appellants could have obtained had appellee honored its loan commitment to appellants and a 10% loan appellants later obtained from another lending institution.

We find no basis for the assumption that the loan sought by appellants would have

been fixed at a 9.25% rate of interest. To the contrary, the parties admit that if the loan had been made by appellee, it would have been based on an interest rate to be determined at the date of closing; i.e., the parties never agreed upon an interest rate since no date of closing was ever set. Moreover, appellants' expert admitted that the average interest rate for the year of 1986, the year appellants expected the loan to be finalized was 9.9%. She further admitted that she did not know the interest rate appellee would have charged for any particular month from the date of the loan application to the end of 1986. Appellants' expert also admitted knowing that interest rates in 1986 fluctuated, being as high as 11% at one point. Thus, appellants' expert merely assumed, without any basis in the record for such assumption, that appellants would have obtained a loan at an interest rate that would have caused appellants monetary damage. We must assume the trier of fact considered this factor in answering the DTPA damages question and concluded that appellants were not monetarily damaged by any DTPA violation. We therefore hold that the jury's answer to question 13(c) was fully supported by the evidence, there being no proof that the interest rate at any particular time in 1986 would have been 9.25%. Appellants' third point of error is overruled.

■ In points of error six and seven, appellants argue that the trial court erred in allowing appellee's witness, Jerry Perkins, to testify since he was never designated as a person with knowledge of relevant facts in response to appellants' discovery request. Appellants assert that Mr. Perkins, who was appellee's corporate designee and who testified regarding federal regulations for lending institutions and appellee's lending policies, was a "person with knowledge of relevant facts" whose name should have been revealed to appellants in response to their discovery request for persons having knowledge of facts relevant to this particular cause of action. Tex.R.Civ.P.Ann. 166b(2)(d) (Supp.1990).

The trial court's ruling admitting Perkins' testimony will be set aside only upon a showing of clear abuse of discretion. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 442 (Tex.1984). In determining whether there was an abuse of discretion, we must ascertain whether the court acted without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). After a careful review of the record, we find the trial court did not abuse its discretion in allowing Mr. Perkins to testify. Furthermore, even if the trial court did err in allowing the testimony of Mr. Perkins, we are of the opinion that the error complained of did not amount to such a denial of appellants' rights as to be reasonably calculated to cause and which probably did cause rendition of an improper judgment. *Dennis v. Hulse*, 362 S.W.2d 308, 309 (Tex.1962); Tex.R.App.P.Ann. 81(b)(1) (Supp.1990).

■ The sufficiency of answers to any given set of interrogatories must be decided on a case by case basis. *Alexander v. Barlow*, 671 S.W.2d 531, 533 (Tex.App. 1983, writ ref'd n.r.e.). There are few general rules regarding answers to interrogatories because of the unique nature of interrogatories and because the answers thereto are different in every case. *Id.* The interrogatory appellants argue should have been supplemented by appellee so as to include the name of Jerry Perkins reads as follows:

> Please identify each and every person or entity having *knowledge of facts relevant to this cause of action* as well as the substance of each such person's or entity's knowledge, including but not limited to an identification of each and every person who dealt with the subject loan in any manner, including underwriters. (Emphasis added).

There is no evidence in the record to suggest that Mr. Perkins had knowledge of facts relevant to this particular cause of action between appellants and appellee. In fact, appellants admit in their brief that Mr. Perkins' testimony was general in nature, addressing "the loan application, processing and underwriting procedures of

Appellee, testimony with regard to national Fannie Mae and Freddie Mac underwriting guidelines, testimony with regard to why Appellee must adhere to those guidelines in order to stay in business, and testimony that a loan officer never has the authority to make a loan commitment. . . ." There is no evidence to suggest that Mr. Perkins knew the parties to this transaction, personally participated in this transaction, or viewed any documents relating to the transaction.

Appellee originally responded to appellants' discovery request by providing the names of witnesses with personal knowledge of facts related to the transaction between appellants and appellee. Appellants argue that appellee had a duty to supplement its answers to the interrogatory when it decided to call Mr. Perkins as a witness. Tex.R.Civ.P.Ann. 166b(6) (Supp. 1990). However, Rule 166b(6) only requires supplementation when the party knows that the answer was incorrect or incomplete when made, is no longer true and the original answer would be misleading, or when an expert has not been included in response to an appropriate inquiry directly addressed to expert testimony. Appellee reasonably interpreted appellants' interrogatory to pertain only to those witnesses with personal knowledge of facts related to this transaction. Appellants would have us construe the interrogatory in such a way as to encompass any and all persons or entities who might know of facts that might somehow impact on this cause of action, including experts. Similar interrogatories have been interpreted in a limited manner. *Boothe v. Hausler*, 762 S.W.2d 304, 306–07 (Tex.App.1988), *rev'd on other grounds*, 766 S.W.2d 788 (Tex. 1989). An interrogatory may be proper, but even when liberally interpreted may be construed so as to impose no duty on a party to provide the name of a particular witness. *Robledo v. Grease Monkey, Inc.*, 758 S.W.2d 834, 836 (Tex.App.1988, no writ). Because Perkins testified only generally with regard to lending regulations, we do not find that it can reasonably be said that he had "knowledge of facts relevant to this cause of action." Points of

error six and seven are therefore overruled.

■ Furthermore, even if the trial judge erred in allowing Mr. Perkins to testify, appellant must demonstrate that such error was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *Dennis v. Hulse*, 362 S.W.2d 308, 309 (Tex.1962); *Fulmer v. Thompson*, 573 S.W.2d 256, 265 (Tex.Civ. App.1978, writ ref'd n.r.e.); Tex.R.App.P. Ann. 81(b)(1) (Supp.1990). The policy of Texas courts is to refuse to set aside or reverse a judgment for errors of law committed during the trial unless, in the sound judgment of the appellate court, the errors contributed in a substantial way to bring about an unjust result. *Duncan v. Smith*, 393 S.W.2d 798, 804 (Tex.1965); *Hall Const. Co. v. Texas Industries*, 748 S.W.2d 533, 536 (Tex.App.1988, no writ). The appellate court must determine from the record as a whole whether appellants were harmed by any error made by the trial judge. *Gomez Leon v. State*, 426 S.W.2d 562, 565 (Tex.1968); *Smith v. Smith*, 620 S.W.2d 619, 625–26 (Tex.Civ.App.1981, no writ).

Using these standards, we determine that no harm occurred when the trial judge allowed Jerry Perkins to testify. The record indicates that Mr. Perkins' testimony given on direct examination by appellee was cumulative of other information given to appellants in pre-trial discovery. Furthermore, any harm that may have occurred was elicited by appellants on cross-examination; i.e., appellants may have caused harm to themselves by having Mr. Perkins contradict favorable testimony previously elicited from appellee's expert, Denise Nuckolls. Thus, no harmful error occurred.

For these reasons, we affirm the judgment of the trial court.