**Timothy and Robin JAMAIL, Petitioners,**

v.

**ANCHOR MORTGAGE SERVICES, INC., Respondent.**

**No. D–0616.**

Supreme Court of Texas.

May 8, 1991.

Bonnie Bratton, R. Louis Bratton, Houston, for petitioners.

William Warren, Mark S. Cruzcosa, Austin, for respondent.

PER CURIAM.

Timothy and Robin Jamail sued Anchor Mortgage Services, Inc. for negligence and violations of the Deceptive Trade Practices–Consumer Protection Act (DTPA).[1] They alleged damages caused by Anchor Mortgage's refusal to honor a previously approved loan commitment. Anchor Mortgage filed its answer and a counterclaim, alleging that the Jamails' DTPA claims were groundless and brought in bad faith or for the purposes of harassment. The trial court rendered judgment in accordance with jury findings and ordered that the Jamails recover $7,000 on their negligence claim and that Anchor Mortgage take nothing on its counterclaim. The court of appeals affirmed the trial court's judgment. 797 S.W.2d 369 (1990).

The court of appeals concluded that the trial court did not err in allowing Anchor Mortgage's witness, Jerry Perkins,

---

1. Tex.Bus. & Com.Code §§ 17.41–.63.

to testify. The trial court allowed Perkins to testify even though Anchor Mortgage never designated Perkins as a person having knowledge of relevant facts in response to the Jamails' interrogatory. The court of appeals stated: "Because Perkins testified only generally with regard to lending regulations, we do not find that it can reasonably be said that he had 'knowledge of facts relevant to this cause of action.'" *Id.* at 375. We disapprove of this unjustifiably narrow reading of the Jamails' propounded interrogatory.[2] Rule 166b(2)(d) of the Texas Rules of Civil Procedure provides in part: "A party may obtain discovery of the identity and location ... of any potential party and of persons having knowledge of relevant facts. A person has knowledge of relevant facts when he or she has or may have knowledge of *any discoverable matter.*" [Emphasis added.] Because he had knowledge of a discoverable matter, his employer's mortgage lending practices in regards to federal underwriting guidelines, Perkins was within the scope of the interrogatory.

Furthermore, the court of appeals stated: "The record indicates that Mr. Perkins' testimony given on direct examination by [Anchor Mortgage] was cumulative of other information given to [the Jamails] during pre-trial discovery." *Id.* We also disapprove of this statement, which does not reflect the proper test for harmful error. A reviewing court must examine "the entire record to determine whether the judgment was controlled by the testimony that should have been excluded." *Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex.1989). The test is not whether the party propounding the interrogatory had available to it information from pre-trial discovery that corroborates the undesignated witness' testimony; rather, the testimony or evidence in question must be cumulative of other testimony or evidence that has been properly admitted at trial. *See id.; see also Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 230 (Tex.1990) (testimony of expert witness was cumulative of same testimony given by six other expert witnesses who testified at trial); *McKinney v. National Union Fire Ins. Co.*, 772 S.W.2d 72, 76 (Tex.1989) (testimony of witness describing chemical pump was harmless because it was cumulative of exhibit displaying pump that was previously admitted into evidence and testimony of other witness who had testified at trial about pump's function).

█ In this case, the Jamails claim that Perkins' testimony "change[d] the seriousness of Anchor Mortgage's conduct from a punitive damages perspective." That is, the Jamails contend that the jury would have assessed a larger amount of statutory damages than they did but for Perkins' testimony. However, the Jamails are not entitled to any statutory damages unless they recovered actual damages under the DTPA. The jury failed to find that the Jamails sustained any actual damages under the DTPA, and the trial court rendered judgment on that verdict, denying the Jamails actual or statutory damages on their DTPA claims. Because we do not perceive any error in the denial of actual damages under the DTPA, the Jamails were not entitled to statutory damages, and thus Perkins' testimony did not harm them. Petitioners' application for writ of error is accordingly denied.

---

**2.** The interrogatory in question provides: "Please identify each and every person or entity having knowledge of facts relevant to this cause of action as well as the substance of each person's or entity's knowledge, including but not limited to an identification of each and every person who dealt with the subject loan in any manner, including underwriters."