COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| DIANNA L. GIBBS D/B/A WELLS GREY GROUP, | § | |
| | § | No. 08-12-00330-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 6 |
| BUREAUS INVESTMENT GROUP PORTFOLIO NO. 14, LLC, | § | of Collin County, Texas |
| Appellee. | § | (TC# 006-01779-2011) |
| | § | |

## **O P I N I O N**

In this breach-of-contract action tried to the bench, Dianna Gibbs d/b/a Wells Grey Group (hereinafter, "Gibbs") appeals the trial court's judgment in favor of Bureaus Investment Group Portfolio No. 15, LLC (hereinafter, "Bureaus").[1]   Gibbs raises four issues, the first of which is dispositive.   In her first issue, Gibbs argues that the trial court erred in permitting a foundational witness to testify despite Bureaus' failure to disclose him as fact witness during pretrial discovery and that this error probably caused the rendition of an improper judgment.   Because we agree, we reverse and render.

---

[1] Bureaus Investment Group Portfolio No. 14, LLC (hereinafter, "Bureaus No. 14") is identified as the plaintiff in the caption of the trial court's judgment—and hence in the caption in this opinion—but Bureaus is the actual plaintiff and the prevailing party.   Bureaus No. 14 and Bureaus are separate entities but are involved in the transaction at the heart of this appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2011, Bureaus sued Gibbs to recover the unpaid balance on a business credit card account. The account was originally issued to Gibbs by Advanta Bank Corp. in 2002 and later acquired by Bureaus by assignment.[2] Bureaus brought causes of action for breach of contract, suit on debt, and unjust enrichment.

Gibbs answered, contending, in part, that Bureaus lacked standing to sue her. Bureaus responded by filing an affidavit with supporting business records. Gibbs objected to both the affidavit and the attached business records primarily on the basis that they were inadmissible hearsay. She also re-urged her argument that Bureaus lacked standing. The lawsuit proceeded to trial in April 2012. At trial, Bureaus called Charles S. Verhines as a witness. Verhines identified himself as the "legal lead for the Bureaus, Incorporated." Gibbs objected to Verhines testifying at trial because he had not been identified as a fact witness in response to her requests for disclosure. The following exchange then ensued:

> PLAINTIFF'S COUNSEL: Actually, we listed Bureaus Investment Group Portfolio 15, an agent. She didn't ask us to designate. She just asked us for potential witnesses. We are bringing a party -- a designated witness on behalf of that party.
>
> DEFENDANT'S COUNSEL: The rules require that the name and address of the person be disclosed in the persons with knowledge of relevant facts. I think you – that's the whole purpose of the request of the disclosure, so you know who the -- the witnesses -- potential witnesses could be. Just putting a corporate name is not really that much information.
>
> PLAINTIFF'S COUNSEL: Well, it's two-fold, Judge. we [sic] are entitled to allege a party through Opposing Counsel -- excuse me, through the Counsel's name; however, the purpose of the rule is to give her knowledge and to ask us additional information about what this person's going to testify to, which they haven't.

---

[2] Gibbs's credit card account was bought initially by Bureaus No. 14 in December 2007. Bureaus No. 14 then sold the account to Bureaus in January 2011.

No. 2, she's now alleged standing. So, on the rebuttal side, I have a right to provide this witness to prove standing to the Court.

The trial court overruled Gibbs's objection and permitted Verhines to testify.

Through Verhines's testimony, Bureaus introduced into evidence its business records and those of its assignors to establish Gibbs's liability. As admitted, these records included the bills of sale, the signed credit card application, the terms and conditions governing the credit card account, and approximately a dozen monthly account statements. The trial court rendered judgment for Bureaus in the amount of $44,281.21, "including pre-judgment interest," plus post-judgment interest, and reasonable attorney's fees. Gibbs timely requested findings of fact and conclusions of law, and the trial court issued them. Gibbs then requested additional findings and conclusions, but the trial court did not issue any.[3]

## UNDISCLOSED WITNESS

In her first issue, Gibbs asserts that the trial court erred in overruling her objection to Verhines's testimony and admitting it into evidence despite Bureaus's failure to disclose him as a fact witness before trial and that, without his testimony, the trial court's judgment cannot stand. We agree.

### *Applicable Law*

A party may obtain discovery of the name, address, and telephone number of persons with knowledge of relevant facts, and a brief statement of each identified person's connection with the case. TEX.R.CIV.P. 192.3(c); TEX.R.CIV.P. 194.2(e). When responding to written discovery, a party must make a complete response, and must amend or supplement the response if it later learns that the response is no longer complete and correct. TEX.R.CIV.P. 193.1, TEX.R.CIV.P. 193.5(a).

---

[3] Gibbs's does not complain on appeal of the trial court's failure to issue these additional findings and conclusions.

A party who fails to disclose information concerning a nonparty witness in response to a discovery request may not offer the witness's testimony unless the court finds that there was good cause for the failure to timely make, amend, or supplement the discovery response or the failure to make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties. TEX.R.CIV.P. 193.6(a). The sanction for failure to comply with this rule is the "automatic and mandatory" exclusion from trial of the omitted evidence. *Oscar Luis Lopez v. La Madeleine of Tex., Inc.*, 200 S.W.3d 854, 860 (Tex.App.--Dallas 2006, no pet.).

To obtain reversal of a judgment based upon an error in the trial court, the appellant must show the error probably: (1) caused rendition of an improper judgment in the case; or (2) prevented her from properly presenting the case to the appellate court. TEX.R.APP.P. 44.1(a); *In re D.I.B.*, 988 S.W.2d 753, 756 n.10 (Tex. 1999); *Tex. Dep't of Human Servs. v. White*, 817 S.W.2d 62, 63 (Tex. 1991). The complaining party must show the whole case turned on the evidence at issue. *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753-54 (Tex. 1995). We examine the entire record in making this determination. *Jamail v. Anchor Mortgage Servs., Inc.*, 809 S.W.2d 221, 223 (Tex. 1991).

## *Discussion*
### 1. Error

The trial court erred in overruling Gibbs's objection to Verhines's testimony and admitting it into evidence.

### a. Automatic Exclusion Under Rule 193.6

Bureaus failed to disclose Verhines as a fact witness during pretrial discovery in contravention of Rule 193.6(a). The parties do not dispute that Gibbs sought discovery of persons

4

with knowledge of relevant facts.[4]  *See* TEX.R.CIV.P. 192.3(c); TEX.R.CIV.P. 194.2(e).  As evidenced by the discussion at trial, Bureaus identified itself as a fact witness in its responses to Gibbs's discovery requests but did not disclose Verhines's name in those responses or supplemental responses.[5]  Nor did Bureaus disclose Verhines's name on the witness list it submitted to the trial court approximately three weeks before trial.[6]  *See* TEX.R.CIV.P. 192.3(d).  Consequently, Bureaus' failure to disclose Verhines as a fact witness during pretrial discovery, absent a showing of good cause or lack of surprise or prejudice, triggers the automatic exclusion sanctions of Rule 193.6.

Bureaus did not dispute at trial, nor does it do so now on appeal, that it failed to disclose Verhines as a fact witness during pretrial discovery.  Nevertheless, Bureaus asserts that Gibbs was "neither unfairly surprised nor unfairly prejudiced by the trial judge's decision to allow . . . Verhines to testify, which was also supported by good cause."  We disagree.

### b.  *Exceptions to Automatic Exclusion Under Rule 193.6*

As the party offering the undisclosed witness, Bureaus bore the burden to establish good cause or lack of unfair surprise or prejudice.  TEX.R.CIV.P. 193.6(b).  Further, the record must support a finding of good cause or lack of unfair surprise or prejudice.  *Id*.  Here, the record

---

[4] Gibbs's discovery requests are not in the appellate record, and Gibbs did not designate them as part of the record on appeal.  However, it is apparent from the reporter's record that Gibbs served discovery upon Bureaus and that Bureaus responded.  Significantly, Bureaus has not complained of the omission of Gibbs's discovery requests from the appellate record nor challenged the factual assertion in Gibbs's brief that "Verhines had never been disclosed to Gibbs, despite her having sent the appropriate discovery request . . . ."  Because Bureaus has not contradicted this assertion, we accept it as true.  TEX.R.APP.P. 38.1(g)("In a civil case, the court will accept as true the facts stated unless another party contradicts them.").

[5] Bureaus attached its response to Gibbs's discovery request as Appendix 1 to its appellate brief.  Although that response is not part of the appellate record and will not be considered as such, it confirms Verhines was not disclosed as a fact witness.

[6] In its witness list, Bureaus identified Jorge L. Diaz, Jr. as the person who would testify to the "details of the account in his role as legal collection manager at The Bureaus, Inc."

demonstrates that the trial court overruled Gibbs's objection to Verhines's testimony on two possible bases—that Verhines: (1) was a designated witness on behalf of a party; and/or (2) a rebuttal witness. In the circumstances of this case, these bases are not sufficient for Bureaus to satisfy its burden of showing good cause or lack of unfair surprise or prejudice.

### (1) Unfair Surprise

Bureaus argues Gibbs cannot claim unfair surprise because she should have anticipated that a designated representative would testify on its behalf, given that it is a named party incapable of testifying and that it had previously designated a potential witness to testify to the details of the credit card account. In support of this argument, Bureaus cites *Bellino v. Comm'n for Lawyer Discipline*, 124 S.W.3d 380 (Tex.App.--Dallas 2003, pet. denied). *Bellino* is distinguishable.

In *Bellino*, the appellant complained that the trial court erred by permitting the Commission for Lawyer Discipline's witnesses to testify over objection when they were disclosed only two to three weeks before trial. *Bellino*, 124 S.W.3d at 383-84. The court disagreed, concluding that the trial court did not err because the record supported a finding of lack of unfair surprise. *Id*. at 384. The court reached this conclusion for two reasons. First, most of the witnesses were the complainants on the grievances in issue. *Id*. And second, the appellant enjoyed due process rights, including the opportunity to respond to the complaints and the opportunity for him and the complainants to appear at a hearing before an investigatory panel. *Id*. Here, in contrast, Verhines was never disclosed as a fact witness before trial and Gibbs could not have been aware of the substance of Verhines's testimony long before trial because there was no prior proceeding against her in which he testified.

Bureaus also argues Gibbs bore the responsibility to "inquire about or request additional

6

information as to who exactly the designated witness for Bureaus would be or to attempt to seek additional information once the witness was designated." Bureaus argument is unpersuasive for two reasons. First, Bureaus is not excused from complying with the rules of civil procedure. Pursuant to Rules 192.3(c) and 194.2(e), Bureaus had the affirmative obligation to provide not only Verhines's name, address, and telephone number, but also his connection to the case. *Beam v. A.H. Chaney, Inc.*, 56 S.W.3d 920, 923 (Tex.App.--Fort Worth 2001, pet. denied); *see* TEX.R.CIV.P. 192.3(c), TEX.R.CIV.P. 194.2(e). Bureaus wholly failed to provide this information, even though it was obviously available because Bureaus called Verhines to testify at trial. *Beam*, 56 S.W.3d at 923. Second, and more importantly, Bureaus's contention eviscerates Rule 193.6(a)'s "salutary effect of promoting full and complete discovery" and instead invites trial by ambush, the very peril the promulgation of the rules of discovery sought to avert. *La Madeleine*, 200 S.W.3d at 860, 863. A party in Gibbs's position "is entitled to prepare for trial assured that a witness will not be called because opposing counsel has not identified him or her in response to a proper interrogatory." *Alvarado v. Farah Mfg. Co., Inc.*, 830 S.W.2d 911, 915 (Tex. 1992).

### (2) Unfair Prejudice

Bureaus contends Gibbs cannot claim unfair prejudice because she "never explicitly stated anything about how any alleged error on . . . [its] . . . part . . . prejudiced [her] trial strategy." But Gibbs was under no such obligation. Bureaus's failure to disclose Verhines as a fact witness during pretrial discovery triggered the automatic exclusion sanctions of Rule 193.6. As mentioned above, Bureaus—not Gibbs—bore the burden to show that Gibbs was not unfairly prejudiced. To this end, Bureaus asserts Gibbs was not unfairly prejudiced because she knew a

7

witness would be testifying on its behalf and she had previously received the documents to which Verhines testified. But as mentioned above, Bureaus is not excused from complying with the rules of civil procedure. If Bureaus intended to call Verhines as a witness, it was obligated to identify him as one in response to Gibbs's discovery requests. Further, it is irrelevant that Gibbs had previously received the documents to which Verhines testified. As a business entity, Bureaus was incapable of testifying and therefore had to designate an individual to testify on its behalf. Because this witness must be competent and possess personal knowledge of the subject matter of his testimony, Gibbs was entitled to know his identity to conduct an effective investigation and cross-examination for the purpose of discovering possibly impeaching facts. *See Smith v. State of Illinois*, 390 U.S. 129, 131, 88 S.Ct. 748, 750, 19 L.Ed.2d 956 (1968)("Yet when the credibility of a witness is in issue, the very starting point in 'exposing falsehood and bringing out the truth' through cross-examination must necessarily be to ask the witness who he is and where he lives. The witness' name and address open countless avenues of in-court examination and out-of-court investigation. To forbid this most rudimentary inquiry at the threshold is effectively to emasculate the right of cross-examination itself.").

### (3) Good Cause

Bureaus argues "in this particular situation, good cause is not even required" because "Verhines is an agent of Bureaus, *the named party* in this lawsuit." [Emphasis in orig.]. The basis for this argument is the same one on which Bureaus relied—and we resolved against it—in asserting that Gibbs was not unfairly surprised by its failure to disclose Verhines as a fact witness during pretrial discovery. Thus, for the same reasons articulated above, Bureaus's good-cause argument lacks substance.

8

In the alternative, Bureaus argues good cause existed because Verhines served as a necessary rebuttal witness to Gibbs's allegation that it lacked standing to sue her. In so arguing, Bureaus asserts Gibbs raised her standing argument for the first time at trial. This assertion is belied by the record. Gibbs raised standing as an issue well before trial, both in her answer and in her objections to Bureaus's business records affidavit and the attached records. Furthermore, we note—as does Gibbs in her reply brief—that Verhines was not a rebuttal witness because he was the first witness to take the stand and his testimony did not contradict another witness's.

Bureaus also argues "there are many valid reasons that the trial judge took into consideration when reaching his decision that good cause did in fact exist." Bureaus, however, fails to identify these reasons.

## 2. Harm

The trial court's error probably caused the rendition of an improper judgment. Bureaus argues that, if the trial court erred in allowing Verhines to testify, the error was harmless because "Verhines's testimony did not form the entire body of [its] evidence." More specifically, Bureaus argues that it would have prevailed without Verhines's testimony because the trial court would have admitted into evidence the business records "evidencing . . . [Gibbs's] breach . . . and [Bureaus] ownership of the [account]" "with or without Verhines' testimony." In support of this argument, Bureaus cites *Simien v. Unifund CCR Partners*, 321 S.W.3d 235 (Tex.App.--Houston [1st Dist.] 2010, no pet.)(op. on reh'g). But Bureaus's reliance on *Simien* is misplaced.

*Simien*, like this case, involved an attempt to collect on unpaid credit card debt bought from the original credit card issuer. 321 S.W.3d at 239. The issue in *Simien* was whether the affidavit offered by the debt purchaser's representative was admissible to prove up a third-party business's

9

records as the debt purchaser's business records when the representative lacked personal knowledge of the third-party business's recordkeeping practices or of events or conditions memorialized in the third-party business's records. *Simien*, 321 S.W.3d at 240-41, 244. The court concluded the affidavit was admissible because it met certain criteria, most notably because the representative conclusively established the trustworthiness of the third-party records. *Id*. at 244-45. Significantly, the defendant in *Simien* did not dispute that she had breached the credit card agreement, nor did she challenge the authenticity or enforceability of the credit card agreement. *Id*. at 239, 244. Rather, the defendant contested the amount owed and the appropriate interest rate. *Id*. at 239. In other words, the defendant in *Simien* did not challenge the reliability and trustworthiness of the third-party's business records sought to be introduced. *Id*. at 244.

Here, in contrast, Gibbs directly challenged the reliability and trustworthiness of the third-party business records in issue. She alleged that the payment information was incorrect, in part because it was impossible to determine from the underlying credit card statements what, if anything, she charged on the card. Furthermore, Gibbs's husband testified that the signature on the credit card application was not hers. Thus, the question the trial court would have faced here is whether, in the absence of Verhines's supporting testimony, the business records affidavit conclusively established the trustworthiness of the third-party business's records in the face of other indicators casting doubt on their trustworthiness. The trial court in *Siemens* did not face that issue. Accordingly, *Siemens* does not mandate the result urged by Bureaus. To the contrary, the trial court here could have determined that the business records affidavit proffered by Bureaus did not conclusively establish the trustworthiness of the third-party business's records.

The fact is that the third-party business's records were admitted into evidence through Verhines's sponsoring testimony, not through a business records affidavit. Without Verhines's testimony sponsoring these business records, the trial court would not have had any evidence upon which to render judgment in favor of Bureaus. Thus, contrary to Bureaus's assertion, the whole case turns on Verhines's testimony, and the trial court's judgment likely would not have remained the same without Verhines's testimony. Consequently, based on the record in this case, we cannot conclude that the admission of Verhines's testimony was harmless.

Gibbs's first issue is sustained. Our resolution of Gibbs's first issue obviates the need to consider her remaining issues. *See* TEX.R.APP.P. 47.1.

## CONCLUSION

The trial court's judgment is reversed, and judgment is rendered that Bureaus take nothing against Gibbs.


July 22, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

11