

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00481-CV

———————————————

CONRAD DIAZ, Appellant

V.

CAPITAL ONE BANK (USA), N.A., Appellee

On Appeal from the 96th District Court
Tarrant County, Texas
Trial Court No. 096-327005-21

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

### I. Introduction

In three issues, Appellant Conrad Diaz complains that the trial court abused its discretion by admitting evidence at trial over his discovery-related objections. Because the record does not reflect an abuse of discretion, we affirm.

### II. Background

In July 2021, Appellee Capital One Bank (U.S.A.), N.A. sued Diaz, alleging that he had an outstanding credit card debt of $10,302.28[1] and obtained a default judgment in October 2022. Diaz filed a motion for new trial, which the trial court granted. Diaz answered with a general denial, and Capital One then timely served its discovery responses—required initial disclosures and responses to Diaz's interrogatories, requests for admission, and requests for production—in January and February 2023. *See* Tex. R. Civ. P. 194.2 (requiring a party to make initial disclosures within 30 days after the filing of the first answer or general appearance unless otherwise agreed or ordered).

---

[1]To its original petition, Capital One attached Diaz's July 11, 2020 billing statement showing his account as "past due" with a balance of $10,302.28. The same document was included in Capital One's evidence at trial, along with Diaz's preceding billing statements since September 8, 2018.

In its initial required disclosures, in addition to listing Diaz himself as a person with knowledge of the relevant facts,[2] Capital One stated,

> Persons who have knowledge of relevant facts may include all parties to this action, their agent, servants, and/or employees of Plaintiff or Plaintiff's counsel. Further, Plaintiff's witness, whose identity is unknown at this time, would be an authorized representative of the Plaintiff who is familiar with the books and records as kept in the normal course of business and could testify as to the status of the account and its balance.

Capital One gave a similar response to Diaz's interrogatory asking it to identify each person it expected to call to testify at trial or summary judgment, whether live or by affidavit, stating,

> Plaintiff may call any of the parties to this action, their agent, servants, and/or employees of Plaintiff or Plaintiff's counsel. Further, Plaintiff's witness, whose identity is unknown at this time, would be an authorized representative of the Plaintiff who is familiar with the books and records as kept in the normal course of business and could testify as to the status of the account and its balance.

*See* Tex. R. Civ. P. 193.1 (stating that a party responding to written discovery "must make a complete response, based on all information reasonably available to the responding party or its attorney at the time the response is made").

A bench trial was set for November 20, 2023. On October 16, 2023, Capital One timely provided its pretrial disclosures to Diaz. *See* Tex. R. Civ. P. 194.4(b) (requiring pretrial disclosures at least 30 days before trial).

---

[2]Capital One also referred Diaz to its production of his credit card's periodic billing statements, the customer agreement, and his credit card application.

In its required pretrial disclosures, Capital One added the following to its original disclosure about other persons with knowledge: "These witnesses may be contacted through Plaintiff's counsel at [law firm's phone number]. Plaintiff may call these witnesses if the need arises. The representatives will testify by and through business records filed with the Court." Capital One further added, "Alexis Moran may offer testimony through affidavit. This witness may be contacted through Plaintiff's counsel at [law firm's phone number]. This representative may provide testimony regarding the Defendant's credit card account with Capital One. Plaintiff may call this witness if the need arises." Capital One also listed its attorneys as potential witnesses for attorney's-fee testimony (although it did not pray for and did not receive an award of attorney's fees) and included both the law firm's phone number and mailing address.

Two days after filing its pretrial disclosures, Capital One timely filed a business records affidavit signed by Moran to sponsor 85 pages of records.[3] *See* Tex. R. Evid.

---

[3]In her affidavit, Moran averred that she was over 18 years old, was competent to testify "to the matters set forth herein," was a Capital One employee, and was "authorized by Capital One to testify to the matters set forth herein." She stated that her job responsibilities as Litigation Support Representative "provide[d] [her] with access to all relevant systems and documents of Capital One needed to validate the below information" and that "[a]s a result of the scope of [her] job responsibilities, [she had] personal knowledge of the manner and method by which Capital One create[d] and maintain[ed] certain business books and records, including computer records of customer accounts." Moran also stated that the 85 pages of records attached to her affidavit were from Capital One regarding Diaz's credit card account and that they were

803(6), 902(10). Until Capital One offered Moran's business records affidavit and the attached documents at trial, Diaz did not object to the information supplied in Capital One's required disclosures, in its interrogatory and other discovery responses, or in its pretrial disclosures,[4] and there is no indication that he sought to compel any additional information. *Cf.* Tex. R. Civ. P. 215.2–.3.

At trial, however, Diaz's counsel complained that because Moran's phone number and address were not included in the disclosures, he could not "verify that she is who she says she is; therefore, she should not be able to testify." Capital One's counsel pointed out that Capital One had indicated in its pretrial disclosures that Moran could be "contacted in care of our law office." He also argued that an

---

kept in the regular course of business, and [that] it was in the regular course of business of Capital One for an employee or representative of Capital One, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

[4]The purpose of the name, address, and telephone requirement is to allow the opposing party to easily locate, interview, and depose the proposed witness. *$23,900.00 v. State*, 899 S.W.2d 314, 317 (Tex. App.—Houston [14th Dist.] 1995, no writ). There is no indication that Diaz sought to depose a corporate representative or anyone else from Capital One during the case. *Cf.* Tex. R. Civ. P. 181 ("Either party to a suit may examine the opposing party as a witness, and shall have the same process to compel his attendance as in the case of any other witness."), 199.2(b)(1) (stating that if an organization is named as the witness, the organization must designate one or more individuals to testify on its behalf); *Schindler Elevator Corp. v. Ceasar*, 670 S.W.3d 577, 588 (Tex. 2023) ("The existence of the missing documents came to light during the deposition of Schindler's corporate representative.").

undisclosed corporate representative could testify at trial "because, in essence, they are the party." The trial court overruled Diaz's objections and then awarded $10,302.28 in damages plus court costs to Capital One after reviewing *Markham v. Citizens Bank, N.A.*, No. 04-22-00246-CV, 2023 WL 5418316 (Tex. App.—San Antonio Aug. 23, 2023, no pet.) (mem. op.),[5] a case relied upon by Capital One to support its admissibility argument.

## III. Discussion

In three issues, Diaz complains that the trial court abused its discretion by admitting Moran's business records affidavit because she was improperly disclosed under Rules of Civil Procedure 193.1, 194.2(b)(5), and 194.4 and that the evidence should have been excluded under Rule of Civil Procedure 193.6 because Capital One did not meet the exceptions for failing to amend or supplement its discovery responses. *See* Tex. R. Civ. P. 193.1, 193.6, 194.2(b)(5), 194.4. Diaz further argues that

---

[5]In *Markham*, a bank's corporate representative testified as custodian of records at trial, and on appeal, Markham complained that the bank had not properly made disclosures when it had merely stated that its "custodian of records" would have sufficient knowledge of relevant facts and did not specifically identify the corporate representative and custodian of records. 2023 WL 5418316, at *1. She asserted that the trial court had abused its discretion by overruling her objections to the corporate representative's testimony and to the business records affidavit introduced during that testimony. *Id.* The court ruled against her, reasoning that Rule of Civil Procedure 193.6 does not require a named party to be designated as a witness and that when a corporate representative acts on behalf of a corporate entity, that act is the act of the corporation (the party) itself. *Id.* at *2.

the trial court incorrectly relied on *Markham* because there was no corporate representative or other witness present at trial.[6]

Capital One responds that the trial court correctly admitted the evidence and lists several bases to affirm the trial court's judgment, including that Moran was properly disclosed as records custodian and that Diaz was not unfairly surprised or prejudiced.

A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). We must uphold the trial court's evidentiary ruling if the record shows any legitimate basis for the ruling. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

Under Rule 194.2(b)(5), within 30 days after the first answer is filed or general appearance made, a party is required to provide to other parties the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case. Tex. R. Civ. P. 194.2(b)(5). Under Rule 194.4(a)(1), in addition to Rule 194.2's initial disclosures, a party must provide to the other parties and promptly file the following information about the other-than-solely-for-impeachment evidence that it may present at trial:

---

[6]Diaz did not and does not challenge the business records' authenticity or the affidavit's compliance with Rule 902(10)'s requirements.

"the name and, if not previously provided, the address, and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises." Tex. R. Civ. P. 194.4(a)(1). Under Rule 193.1, a party must timely respond to written discovery in writing and "must make a complete response, based on all information reasonably available to the responding party or its attorney at the time the response is made." Tex. R. Civ. P. 193.1.

Rule 193.6 sets out a consequence for noncompliance with the above discovery rules, stating,

> [a] party who fails to make, amend, or supplement a discovery response, including a required disclosure, in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (*other than a named party*)[7] who was not timely identified, unless the court finds that:
>
> (1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or
>
> (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

Tex. R. Civ. P. 193.6(a) (emphasis added). Rule 193.6's purposes are to prevent trial by ambush, to promote the responsible assessment of settlement, and to give the other party the opportunity to prepare rebuttal to expert testimony. *Insignia Hosp. Grp., Inc. v.*

---

[7]"By filing a pleading, a party indicates at least a potential awareness of facts that bear on the merits of a claim or defense." *Smith v. Sw. Feed Yards*, 835 S.W.2d 89, 90 (Tex. 1992). However, a party cannot disregard procedural rules and still insist upon an absolute right to testify in all circumstances. *Id.*

*Jalaram Guru, LLC*, No. 07-19-00057-CV, 2020 WL 2786676, at *5 (Tex. App.—Amarillo May 27, 2020, pet. denied) (mem. op.).

The record reflects that Capital One identified its "agent, servants, and/or employees" in its initial required disclosures as persons with knowledge of relevant facts and in its interrogatory response as persons it expected to call to testify at trial, whether live or by affidavit. Capital One also specified that it would have "an authorized representative" who would be familiar with the company's books and records. "[A] corporation or other business entity, as a fictional legal person, cannot literally appear in the flesh," requiring it to operate through its agents. *Norvelle v. PNC Mortg.*, 472 S.W.3d 444, 448 (Tex. App.—Fort Worth 2015, no pet.). In its required pretrial disclosures, Capital One stated that its corporate witnesses could be contacted through its counsel and provided the law firm's phone number, stated that its corporate representatives would testify by and through business records filed with the court, and specifically identified Moran as potentially offering testimony through an affidavit "regarding the Defendant's credit card account with Capital One" and how to contact her via Capital One's counsel. Two days after identifying Moran, Capital One filed her business records affidavit.

Because Moran, who did not testify at trial, was the authorized agent of Capital One, a named party, and Capital One identified her in its pretrial disclosures and provided her business records affidavit ahead of trial in compliance with Rule of Evidence 902(10), as well as a means to contact her, the trial court did not abuse its

9

discretion by overruling Diaz's objections.[8] *See* Tex. R. Civ. P. 193.6(a); *Norvelle*, 472 S.W.3d at 448; *see also Fox v. Bank of Am., N.A.*, No. 14-15-00955-CV, 2017 WL 626628, at *2 (Tex. App.—Houston [14th Dist.] Feb. 14, 2017, no pet.) (mem. op.) (holding record supported implied finding of no unfair surprise or prejudice when bank did not disclose business records affiant's identity 30 days before trial but had provided defendant with the same account statement attached to its business records affidavit as had been attached to its petition when it served him with the lawsuit over six months before the bench trial). *But cf. Gibbs v. Bureaus Inv. Grp. Portfolio No. 14, LLC*, 441 S.W.3d 764, 765, 767–68 (Tex. App.—El Paso 2014, no pet.) (concluding trial court abused its discretion by allowing witness to testify at trial when company identified only itself as a fact witness but did not name its "legal lead" in its discovery responses or on its witness list, and defendant could not have been aware of the substance of the witness's testimony before trial). We overrule Diaz's three issues.

## IV. Conclusion

Having overruled Diaz's issues, we affirm the trial court's judgment.

---

[8]Further, there is no indication in the record that Diaz attempted to contact Moran through Capital One's counsel. *See $23,900.00*, 899 S.W.2d at 316–17 (holding no failure to disclose witness's identity and location when State identified officer as potential witness and provided an address and phone number where he could be reached even though it did not provide his residential address or phone number).

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  October 24, 2024